IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                         **Criminal Case No.: 2:20-CR-18**
                                             **(JUDGE KLEEH)**

**RICHARD SCOTT CONNALLY,**

      **Defendant.**

## REPORT AND RECOMMENDATION RECOMMENDING THAT DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE [ECF NO. 21] BE DENIED AS MOOT

Presently pending before the undersigned Magistrate Judge is Defendant's Motion to Suppress Physical Evidence [ECF No. 21], filed on January 28, 2022. By Order dated January 31, 2022 [ECF No. 22], Hon. Thomas S. Kleeh, United States District Judge, referred the motion to the undersigned for conducting a hearing and entering a report and recommendation as to disposition of the motion.

The undersigned also is in receipt of the Government's response in opposition to Defendant's motion, filed on February 7, 2022. [ECF No. 27]. The undersigned convened a hearing on Defendant's motion on February 17, 2022.

The basis of Defendant's motion is an argument that law enforcement officers unlawfully searched a backpack in the course of Defendant's arrest, which was in Defendant's possession, without first seeking a warrant to conduct a search of the backpack. As a result of that search, officers discovered illegal drugs and other evidence of illegal drug activity inside the backpack, which gave rise to the charge in the Indictment for Possession with Intent to Distribute at Least 50

1

Grams of Methamphetamine, in violation of Title 21, United States Code, Sections 841(b)(1) and 841(b)(1)(A)(viii).[1]

At the outset of the hearing before the undersigned on February 17, 2022, counsel for Defendant stated that, upon further investigation, Defendant was moving to withdraw his motion to suppress because Defendant cannot establish standing to sustain the motion. Defendant now asserts that the ownership of the backpack is in question, such that Defendant does not have standing to make the argument in his motion. The undersigned questioned Defendant himself about the request to withdraw the motion to suppress. Defendant stated that he understood the effect of the request to withdraw the motion would be denial of the motion, and agreed that it was appropriate to withdraw his motion to suppress. On the record, the Government's counsel stated that the Government did not object to Defendant's request to withdraw his motion to suppress.

Based on the foregoing, the undersigned **RECOMMENDS** that Defendant's motion to suppress [ECF No. 21] be and **DENIED as moot**.

Any party have fourteen (14) days (filing of objections) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

---

[1] Officers also discovered a firearm in plain view in the side of backpack, which gave rise to the charge in the Indictment for Possession of a Firearm in Furtherance of a Drug Crime, in violation of Title 18, United States Code, Section 924(c)(1)(A). By his motion, Defendant did not seek to suppress this piece of evidence.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk of Court is **DIRECTED** to transmit copies of this Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted February 17, 2022.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE